THE STATE OF NEVADA ON THE RELATION OF FRANK L. GARAVENTA, RELATOR, v. GARAVENTA LAND & LIVESTOCK COMPANY, A CORPORATION, JOSEPH A. GARAVENTA, AS DIRECTOR, PRESIDENT, AND TREASURER, AND WILLIAM E. GARAVENTA, AS DIRECTOR OF SAID CORPORATION, RESPONDENTS.

No. 3347

November 30, 1942.                    131 P.(2d) 513.

*H. R. Cooke* and *John Davidson,* both of Reno, for Relator.

*Springmeyer & Thompson,* of Reno, for Respondents.

**O P I N I O N**

By the Court, ORR, J.:

Relator filed a complaint in this cause alleging that he was a stockholder and a director and the secretary of the respondent corporation; that Joseph Garaventa was a director, the president and treasurer of said corporation, and was also resident agent in charge of its principal office; that the bylaws provide that the secretary of the corporation should at all times have charge and custody of its seal, books, records, papers, and documents; that respondent Joseph A. Garaventa had possession of the seal and all the books, records, and documents of said corporation; that prior to the filing of the complaint relator demanded of said respondents delivery of said seal, books, records, and documents, and further demanded that respondents permit relator to inspect all of said books, documents, and records, which demands have not been complied with. The prayer of the complaint asks that a writ of mandamus be issued, directed to Joseph A. Garaventa, commanding him to comply with the request made for the delivery and inspection of said books and documents. An alternative writ issued, and in due time respondents filed their return to the alternative writ, and an answer to the complaint.

Respondents deny that relator is a stockholder in or a director or the secretary of the corporation, and deny that when demands for delivery and inspection were made relator was or at any time since has been a stockholder in or a director or the secretary of the respondent corporation, and deny that the bylaws provide that

the secretary of the corporation should at all times have charge and custody of its seal, books, records, papers, or documents.

Issues having been joined, it became apparent to this court that the taking of testimony was necessary in order to enable it to determine whether the writ should issue as prayed.

■ The mere assertion of ownership of stock and the mere assertion that relator was the secretary and a director of respondent corporation would not entitle the claimant to the writ; and the mere denial of ownership of stock or that relator was an officer as alleged is not sufficient to deny relator a writ; because if a mere denial were sufficient, such a writ could not be had in any case, and if a mere assertion of ownership of stock and of occupancy of an office were sufficient, the writ would be issued in every case. State v. Van Tassell Real Estate & Live Stock Co., 53 Wyo. 89, 79 P.(2d) 476. So, recognizing such a situation as existing here, counsel stipulated that this court enter its order referring the cause to department No. 1 of the Second judicial district court of the State of Nevada, in and for the county of Washoe, to take testimony and make findings. This court, on the 9th day of December 1941 made such an order, and the following questions of fact were referred to the referee for trial:

First: Was relator Frank L. Garaventa, on August 2, 1941, on August 8, 1941, and on August 22, 1941, a director of said Garaventa Land & Livestock Company?

Second: Was relator Frank L. Garaventa, on August 2, 1941, on August 8, 1941, and on August 22, 1941, secretary of said Garaventa Land & Livestock Company?

Third: Was relator Frank L. Garaventa, on August 2, 1941, on August 8, 1941, and on August 22, 1941, a stockholder of said corporation?

Fourth: In case said district court made findings for relator, what damages had been thereby sustained, specifying the particular items of damages?

In response to the order, the referee took testimony and made his report to this court, wherein he answered the first three questions in the affirmative and found that relator was entitled to the sum of $1,000 as attorney's fees.

■■ Subsequent to the filing of the referee's report, respondents filed certain objections to the report, the main contention being that the findings of the referee go beyond the scope permissible in a mandamus proceeding. At the outset it should be stated that if such be true, then the fault lies in the breadth of the order directing the matter to be submitted to the referee, because the report and findings of the referee are certainly well within the directions made, and if the court could properly consider the report of the referee and the findings on the same basis as it could properly consider the report of a referee in ordinary proceedings, or as it would consider findings of a trial court on appeal, then we would have no difficulty in sustaining the findings of the referee. In the consideration of an appeal, if substantial evidence exists to sustain a finding we will not, as a general rule, disturb it, the decision of the trier of the facts being final thereon, even though substantial evidence may exist in the record against such a finding. But in a mandamus proceeding the procedure is quite different, as it must be apparent that conflicting evidence for and against a given proposition can, and often does, create a reasonable dispute; and it is the rule that mandamus will not lie where the facts are in substantial dispute, that before a writ will issue "the legal right of relator to the performance of the act sought to be required must be clear, complete and not open to reasonable dispute." 38 C. J. p. 582, secs. 56 and 57; State ex rel. Fleeson. v. Jumbo Extension Mining Co., 30 Nev. 192, 94 P. 74, 133 Am. St. Rep. 715, 16 Ann. Cas. 896; 34 Am. Jur. p. 847, par. 55.

■ It is also the rule that the title or right to an office will not be determined in a mandamus proceeding.

38 C. J. p. 589, secs. 63, 64, and 66; Denver v. Hobart, 10 Nev. 28.

■ The office of mandamus is essentially that of enforcing performance of acts which the law requires to be done because of legal relationships that have been established, and if the right is not clear and specific and can be disputed in good faith and upon reasonable ground, then a party must be relegated to his ordinary legal remedy to determine the rights and relationships. Such being the proper office of the writ of mandamus, then it is apparent that the order submitting the cause to the referee for trial of facts was broader than it should have been.

■ Upon the formulation of the issues, the first and principal question presented for the determination of this court was whether or not it appeared from the evidence that a substantial dispute existed, and the order to the referee should have been limited to a direction to take the evidence and submit the same to this court for its determination on that point. The order to the referee was made with the consent of respondents, but we do not believe that such consent could enlarge the proper function of the writ of mandamus. Taking the view that this court should confine itself to a consideration of the evidence with the sole view of determining whether or not "the legal right of relator to the performance of the act sought to be required is clear and complete and not open to reasonable dispute," we will disregard the response of the referee to that portion of the order of reference which is beyond the proper limitations of this inquiry.

Confining our inquiry to a consideration of the evidence presented with a view of ascertaining whether or not there is a substantial dispute, we conclude such a conflict exists, both as to questions of fact and legal questions. A recitation of the evidence would, of course, be of no assistance as a matter of precedent in other cases, hence we refrain from quoting it.

Relator asserts that the question of whether or not

there can be relief given by mandamus in this action has been foreclosed by the holding of this court in the case of State ex rel. Garaventa v. Garaventa Land & Livestock Co., 61 Nev. 110, 118 P. (2d) 703, wherein the statement is made that relator had chosen the proper remedy. The court there was referring to the enforcement of a right already established, and not a right which is in substantial dispute, as reference to the citations given in support of the statement will demonstrate, namely: 18 C. J. S., Corporations, sec. 191, p. 611, note 54; 13 Am. Jur. 491, n. 13. The further statement in said case, to-wit: "Whether relator was or is a stockholder is a question to be tried and determined in the main proceeding," to which relator directs attention, means, only, that in the main proceeding it will be determined whether or not relator has shown such a right as will justify the issuing of a writ of mandamus.

Relator asserts that the test of the disposition of the referee's report is not whether there is a substantial dispute, but whether there is substantial evidence in support of said report, and that said report should be considered in the same manner as a special verdict. From what we have said as to the proper office and function of a writ of mandamus it follows that this contention cannot be sustained.

Relator further asserts that the office of secretary is not in substantial dispute, for the reason that respondents do not deny in their answer that relator was the de jure secretary prior to July 1, 1941; that the denial made by the respondents in this respect creates a negative pregnant and constitutes an admission that for some period less than "for years" relator was the duly elected secretary. The demands made upon respondents for inspection of the books and records were on August 2, 1941, and on August 8, 1941, and this action was commenced on August 22, 1941. The issue presented is whether or not relator was a stockholder and the secretary and a director of the corporation on those dates. These are the material facts to be determined,

and the allegations of the complaint as to those dates are directly and specifically denied by the answer.

A reading of the evidence taken by the referee at once convinces us that substantial disputes, both as to the facts and as to the applicable law, exist. And if this were not sufficient, a reading and consideration of the exhaustive analyses and arguments made by counsel in attempting to sustain certain propositions asserted and denied leaves us completely convinced that our conclusion is correct.

The writ is denied.

## ON COSTS

January 7, 1943.                                      132 P.(2d) 619.

*John Davidson* and *H. R. Cooke,* both of Reno, for Relator.

*Springmeyer & Thompson,* of Reno, for Respondents.

## OPINION

By the Court, ORR, C. J.:

On the 5th day of December 1942 respondents filed with the clerk of this court a cost bill, one of the items

of said cost bill being: "To J. A. Callahan, court reporter, one half of the cost of transcribing three copies of the transcript of the testimony, $73.80." On the 8th day of December 1942 relator filed objections to certain items of costs contained in the said cost bill, among which was the said item of $73.80, mentioned supra. On the 15th day of December 1942 the clerk of this court made her ruling upon said objections to said cost bill, and as to the said objection to the said item of $73.80, overruled the same. Relator has taken an appeal from said ruling.

Relator bases his claim of error in the allowance of said item of $73.80 upon the ground that rule VI, section 1, of the rules of the supreme court, authorizes the recovery of costs for one copy only of the transcript, whereas respondents have asked for payment for three copies.

Under the interpretation which this court placed upon said rule in the case of Curti v. Franceschi, 60 Nev. 422, 428, 112 P. (2d) 819, the contention of relator must be sustained, as it was there held that the cost of but one copy, at the rate of ten cents per one hundred words, could be recovered.

The said cost bill is ordered to be amended so that the said item of cost shall read $36.90, in lieu of $73.80.