339 F.2d 881
 John J. COLE, Plaintiff-Appellee,
v.
Paul HALL, individually and as President or Al Kerr, as
Secretary-Treasurer, or Earl Shepard, as Vice-President, or
Cal Tanner, as Executive Vice-President, of the Seafarers
International Union of North America-- Atlantic, Gulf, Lakes
and Inland Waters District, Defendants-Appellants.
 No. 140, Docket 29087.
 United States Court of Appeals Second Circuit.
 Argued Oct. 30, 1964.
Decided Jan. 7, 1965.
 
 Burton H. Hall, New York City, for plaintiff-appellee.
 Robert M. Saltzstein, Brooklyn, N.Y. (Jack L. Kroner and Howard Schulman, New York City, on the brief), for defendants-appellants.
 Before LUMBARD, Chief Judge, and HAYS and MARSHALL, Circuit Judges.
 LUMBARD, Chief Judge:
 
 
 1
 Defendants-- officers of the Atlantic, Gulf, Lakes and Inland Waters District of the Seafarers International Union of North America-- appeal from an order enjoining them from excluding plaintiff, John J. Cole, from the rights of union membership. Cole was expelled for making derogatory remarks concerning the union officers in a resolution offered at a union meeting. He brought suit in the District Court for the Eastern District of New York, alleging violation of his right of free speech as secured by 101(a)(2) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. 411(a)(2). Jurisdiction was based on 102 of the Act.
 
 
 2
 Cole sought an injunction pendente lite restoring him to membership in the union. Judge Dooling, after a hearing in which he considered affidavits and the documentary evidence purportedly supporting the union's action, found that defendants had infringed plaintiff's rights under 101(a)(2) of the Act. He also found that they had violated 101(a)(5), which requires a union to give adequate notice and a fair hearing to a member before disciplining him. Accordingly, he granted the requested injunction. We affirm the judgment of the district court.
 
 
 3
 The resolution offered by Cole at the regular meeting of the union on August 6, 1962 consisted for the most part of a series of 'Whereas' clauses which enumerated alleged instances of undemocratic actions and short-sighted policies on the part of the union officers. Cole's expulsion was based on two of these:
 
 
 4
 'Whereas, moral arguments fabricated to justify SIU's interference in interunion beefs are both contradictory and phony-- a classic example being our current picketing of American Export ships because the Company proposes to man its Isbrandtsen vessels with licensed members of the Brotherhood of Marine Officers-- we have simply to jog our memories slightly to recall that Paul Hall stole those same engineers jobs from MEBA in 1951, when he set BME up as a dual organization;
 
 
 5
 'Whereas, raiding a duly certified bargaining agent's contractual jurisdiction was also the cause of Moormac's recent tie-ups, the pattern for such organizational hijacking was instituted on the Lakes more than a year ago when Paul Hall effectively argued that Lachlan Macleay's transfer to Gulf Canal Line justified SIU in undercutting NMU's daily wage rate from $28.46 to $17.50, and its manning scale from 11 men to 7 in order to gain representational power, and by his timely intervention in another NMU labor management relationship, where Mississippi Barge Line of St. Louis was replaced by a dummy corporation, Inland Towers of Davenport (La.), the change of unions in this raid was allowed to be excused on the grounds of a similar wage slash plus reduction of the crew of the Valley from 17 to 11 men.'
 
 
 6
 These allegations were followed by several specific proposals for changes in hiring procedures for union members.
 
 
 7
 Cole was charged with violation of a union rule proscribing 'deliberate and unauthorized interference or deliberate and malicious vilification with regard to the execution or the duties of any office or job.' A hearing was held before a union trial committee, which found Cole guilty of such vilification with respect to charges made in the two 'Whereas' clauses quoted above.
 
 
 8
 The dispositive question on this appeal is whether 101(a)(2) allows a union to discipline a member for 'malicious vilification' of a union officer where the member has spoken with reference to a proposal submitted at a union meeting. Since we hold that it does not, we need not consider whether the union committee's finding that Cole was guilty of such vilification was so lacking in evidentiary support as to amount to a denial of the fair hearing guaranteed by 101(a)(5). See Vars v. International Bhd. of Boilermakers, 320 F.2d 576 (2 Cir. 1963).
 
 
 9
 Section 101(a)(2) protects the right of a union member 'to express at meetings of the labor organization his views * * * upon any (matter) properly before the meeting.' This right is 'subject to the organization's establish and reasonable rules pertaining to the conduct of meetings' and to the proviso that the union may 'enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.' Defendants do not dispute that Cole's resolution was an expression of his views on a 'matter properly before the meeting.' Instead, they invoke the proviso and argue that he was expelled for violation of a reasonable rule 'as to the responsibility of every member toward the organization as an institution.'
 
 
 10
 We think that our decision in Salzhandler v. Caputo, 2 Cir., 316 F.2d 445, cert. denied, 375 U.S. 946, 84 S.Ct. 344, 11 L.Ed.2d 275 (1963) disposes of this contention. We there held that the proviso does not allow a union to discipline a member for calling an officer a 'petty robber.' We accepted arguendo the finding of the union trial board and the district court in that case that the statement had been false and libelous, but we held this to be irrelevant:
 
 
 11
 'The Trial Board * * * consisted of union officials, not judges. It was a group to which the delicate problems of truth or falsehood, privilege, and 'fair comment' were not familiar. Its procedure is peculiarly unsuited for drawing the fine line between criticism and defamation * * *.' Id. at 450.
 
 
 12
 This case would be on all fours with Salzhandler if the union trial committee had found only that Cole was guilty of vilification. We think that the Salzhandler rationale-- that union tribunals are not competent to apply technical doctrines limiting free speech-- is equally applicable to the trial committee's additional finding that Cole spoke with malice. We hold that such a finding, whether or not justified as a matter of fact, does not allow a union to discipline a member for statements otherwise protected by 101(a)(2).
 
 
 13
 The judgment of the district court is affirmed.