George Anthony·CORNELIO

v.

**METROPOLITAN DISTRICT COUNCIL OF PHILADELPHIA AND VICINITY, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, et al.**

**Civ. A. No. 36038.**

United States District Court
E. D. Pennsylvania.

June 30, 1965.

Edward L. Minnich, Jr., Philadelphia, Pa., for plaintiff.

M. H. Goldstein, Goldstein & Barkan, Philadelphia, Pa., for defendants.

LUONGO, District Judge.

This is a suit under the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C.A. § 401 et seq., seeking injunctive relief from and damages for allegedly unlawful disciplinary action.  The suit is by a union member against his local (Local 1856);  its

parent body, United Brotherhood of Carpenters and Joiners of America; the Metropolitan District Council of Philadelphia (Council), a subordinate body of the United Brotherhood and the governing unit for all the locals in the Philadelphia area; and certain named individuals who are connected with Council in various official capacities.

Plaintiff's complaint is that he was falsely accused and unfairly convicted, fined and suspended on charges of having made defamatory statements about union officials.

Defendants' attack on the complaint by this motion to dismiss is threefold:

(a) This court lacks jurisdiction of the subject matter;

(b) This court lacks jurisdiction for failure of service on an indispensible party; and

(c) The complaint fails to state a claim upon which relief may be granted.

Since this suit involves a claim of the violation of a right guaranteed by the Bill of Rights portion of the LMRDA, the subject matter attack on jurisdiction is without substance. The rule was thus stated in Hughes v. Local No. 11, etc., Ironworkers, 287 F.2d 810, 814 (3d Cir. 1961), cert. denied, 368 U.S. 829, 82 S.Ct. 51, 7 L.Ed.2d 32 (1961).

"* * * a United States District court has jurisdiction to determine the validity of any substantial claim asserted under the 'Bill of Rights' subchapter of the Labor-Management Reporting and Disclosure Act of 1959 even though it may deter-

mine ultimately that the claim is not one upon which relief may be granted."

The indispensable party attack on jurisdiction relates to the defendant parent body, United Brotherhood of Carpenters and Joiners of America, and the asserted failure of effective service upon it. The merits of this point have not been considered since I have concluded that the complaint must be dismissed on the third ground raised by defendants, failure to state a claim upon which relief may be granted.

For the purposes of this motion, I have accepted as true the following facts alleged in the complaint:

While employed at a particular job site, plaintiff and twenty fellow employees were discharged by their employer. Plaintiff requested his local to petition Council for arbitration with the employer concerning the discharges. The requested petition was drafted and plaintiff thereafter presented it to Council which assigned two business agents, defendants Benjamin T. Gray and George Gushue, to investigate the charges set forth in the petition. Gray and Gushue failed to investigate the charges but instead, at the instigation of defendant Robert H. Gray, a Council official, prepared and obtained signatures of eleven of plaintiff's co-workers to a mimeographed form of statement to the effect that the signatory had heard plaintiff make defamatory statements [1] concerning union officials at the job site. On the basis of the evidence thus obtained, Gray and Gushue prefer-

---

1. The statements allegedly made by plaintiff were:

"(a) That Secretary-Treasurer Robert Gray took One Thousand ($1,000.-00) Dollars of the District Council's funds for his own private use and that same was never returned to the District Council.

(b) That all business representatives and the Secretary-Treasurer are not working for the Union—only for themselves. That they are no good to the Union, their families or themselves. That their families suffer because the

officials do not support them—officials are never at home with their families.

(c) That the officers instruct the Trial Committee whom to fine, and also whom not to fine. Also, that ninety-five percent (95%) of the Defendants must be fined whether guilty or not, to pay the Trial Committee's expenses.

(d) That all officials are dishonest, especially for accepting automobiles from their unions, and any other monies received, because said officials do nothing to earn same."

red charges [2] against plaintiff.[3] By reason of a provision of the union Constitution [4] permitting representation only by a person who is a member of the union in good standing, plaintiff was deprived of the opportunity to be represented by counsel of his choice at the trial which was held before a Council Trial Committee on June 23, 1961. The charges against plaintiff were sustained and the Trial Committee recommended to Council that plaintiff be fined the sum of $350 and suspended for five years from all *activities.* (not from membership) of the United Brotherhood and its subordinate bodies. The Trial Committee's recommendation was adopted by Council in July, 1961, and that action was affirmed by the General President on February 18, 1963.[5]

■ The essence of plaintiff's complaint is that he did not make the defamatory statements attributed to him; that the charges against him were false; that he was denied the opportunity to refute the charges because he was not accorded the full and fair hearing guaranteed him by § 101(a) (5) of LMRDA (29 U.S.C.A. § 411(a) (5)); [6] and that the resultant conviction and disciplinary action was unlawful. Plaintiff contends that he was denied the full and fair hearing guaranteed by the LMRDA in that

(1) he was prejudiced by the fact that his accusers were persons of influence (business agents) within the union; and

(2) he was denied the right to be represented by "outside" counsel, i. e. by a person other than a member of the union. Neither ground is sufficient, as a matter of law, to sustain a charge of deprivation of the full and fair hearing guaranteed by the LMRDA and the complaint must, therefore, be dismissed.

■ "By becoming a member of a union the worker, in effect, makes a contract to be governed by the constitution and bylaws and the rules of the organization." Smith v. General Truck Drivers, etc., Union, 181 F.Supp. 14, 17 (S.D.Cal. 1960); Rosen v. District Council, 198 F. Supp. 46, 47 (S.D.N.Y.1961). Unless plaintiff can demonstrate that the applicable provisions of the union Constitution violate the LMRDA, he is bound by them.

The union Constitution provides, in part, in Section 56(I):

"The accused and the accuser may appear before the Trial Committee either in person or by counsel (who shall be a member of the United Brotherhood), and shall be entitled to be present at all times when the Trial Committee is receiving evidence. * * *"

---

2. While plaintiff has not attached a copy of those charges it is obvious from the allegations of the complaint that they were based upon the alleged defamatory statements set forth in footnote 1, supra. See particularly paragraph 16 of the complaint and Section 55, Union Const., note 10 infra.

3. Since no allegation was made in the complaint to the contrary, I have assumed that plaintiff was duly served with written charges and that he was given a reasonable time to prepare his defense. See § 101(a) (5) (29 U.S.C.A. § 411 (a) (5))

4. Constitution and Laws of the United Brotherhood of Carpenters and Joiners of America and Rules for Subordinate Bodies Under Its Jurisdiction, as amended, Section 56(I).

5. Defendants' argument that plaintiff has failed to exhaust union remedies has not been seriously considered by the court. The requirement to exhaust union remedies is conditioned upon such procedures not extending beyond four months (§ 101 (a) (4), 29 U.S.C.A. § 411(a) (4)) whereas here one step alone took more than 18 months.

6. "§ 411. * * *
   (a) * * *
      (5) *Safeguards against improper disciplinary action.*—No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

This restriction, according to plaintiff, deprives him of the assistance of counsel and therefore denies him procedural due process.

"The answer to the contention lies in the statement of the fundamental principle that the right to be represented by counsel, guaranteed by the Sixth Amendment to the Constitution of the United States, does not apply to hearings before labor unions. The reason is obvious. All that a union member is entitled to in any controversy between him and the union is a fair hearing. This means only that before any action is taken against him he must be informed of the charges and be given an opportunity to hear them and refute them." Smith v. General Truck Drivers, etc., Union, supra, 181 F.Supp. p. 17. See also Cox, Internal Affairs of Labor Unions Under the Labor Reform Act of 1959, 58 Mich.L.Rev. 819, 836–837 (1960).

■ The legislative scheme for the protection of rights of individual members of labor unions clearly contemplates, at least in the first instance, a "within the family" procedure for resolving intra-union conflicts. So long as both the accuser and the accused are placed on a "roughly equal footing" (Cox, supra, p. 836) and are bound by the same restriction, the accused has no cause for complaint in the fact that he is limited to being represented at the trial by a member of the United Brotherhood family. Denial of assistance of counsel is of even less significance as it bears upon the requirement of "fair hearing" where, as here, the trial body [7] is made up of union members who, in all likelihood, will not be "learned in the law."

■■ Plaintiff's other point, that a fair hearing was impossible because his accusers were persons of influence within the union is equally devoid of merit. There is nothing in either the LMRDA or in the union Constitution which evidences an intent to disqualify union officials from exercising the rights of membership, including the right to prefer charges against other members. Indeed, common sense and logic would dictate that union officials, who are vested by their fellow members with the responsibility for the proper administration of union affairs and enforcement of duly adopted rules and regulations, have such power. The only restriction which appears in the trial procedure set forth in the union Constitution is that one who is a party to or directly interested in any case, whether he be an officer or a member, is disqualified from serving as a member of the Trial Committee before which the case is to be heard.[8] Such restriction is obviously not only appropriate but is essential to a fair hearing. In no provision is there the remotest suggestion of an intent to discriminate against duly elected union officials in their right to participate, in any role, in trial procedures. The fact that plaintiff's accusers were business agents cannot, without more, constitute deprivation of the full and fair hearing to which he was entitled.

As a matter of law, therefore, neither of the bases asserted by plaintiff will

---

7. Section 56(F) of the Union Const. provides:

"A Trial Committee consisting of five members of the Local Union or five delegates to the District Council shall be selected as follows: The Local Union or District Council shall nominate eleven members or delegates. The Recording Secretary of the Local Union or District Council shall place their names in the ballot box and the Vice-President shall draw the same from the box and call the names aloud until five have been drawn. The accused and the accuser shall have the alternative of each challenging any three members of the Trial Committee; the member so challenged shall not serve. When the five have been selected, they shall constitute the Trial Committee and the case shall be given to them for trial."

8. Union Const., Section 56(G).

support a charge that he was deprived of a full and fair hearing and the complaint consequently fails to state a claim upon which relief can be granted.

In the complaint [9] plaintiff concedes that if, in fact, he had made the defamatory statements attributed to him, defendants would have been justified in disciplining him. Perhaps he conceded too much. There is some authority that a member may not be tried under union trial procedures even for admittedly defamatory statements concerning union officials; that officials thus defamed are relegated to civil actions for personal redress of the wrongs thus committed. Salzhandler v. Caputo, 316 F.2d 445 (2d Cir. 1963), cert. denied, 375 U.S. 946, 84 S.Ct. 344, 11 L.Ed.2d 275 (1963); Cole v. Hall, 339 F.2d 881 (2d Cir. 1965); Stark v. Twin City Carpenters District Council, 219 F.Supp. 528 (D.Minn.1963).

Whether plaintiff failed to assert the invalidity of the proceedings here on that ground because he was unaware of it, or whether plaintiff's failure so to do was a deliberate and voluntary choice on his part to be bound by the provisions of the union Constitution [10] is a matter of conjecture. Suffice to state that, for the purposes of this motion and on the present state of the record, plaintiff has not asserted such invalidity. As presently drawn, the complaint fails to state a claim upon which relief can be granted and defendants' motion to dismiss must be granted.

---

9. Paragraph 16 which reads as follows:
   "The making of these statements, if they were untrue, would constitute a breach of the Obligation of the United Brotherhood, and would justify both fining and suspension from union activities, of the maker by the Trial Committee."

10. "OFFENSES AND PENALTIES
   A Section 55. Any officer or member found guilty after being charged and tried in accordance with Section 56, for any of the following offenses, may be fined, suspended or expelled only by a majority vote of the members of the Local Union present at a regular meeting, or of the delegates to the District Council having jurisdiction of the offense.
   (1) Causing dissension among the the members of the United Brotherhood.
   *      *      *      *
   (5) Willful slander or libel of an officer or any member of the United Brotherhood.
   *      *      *      *
   (13) Violating the Obligation."