JAMES BERRYMAN, CECIL ADAMS, JESSE PATE, GERALD MERKT, ROY PINCOLINI, MARVIN BLANGERES, HOWARD KISTNER, M. K. YOCHUM, TED MORRISSETT, WM. BEAMAN, FRANCIS TERRY, JOHN WILLIAMS, ROBERT JONES, WM. ROCKWELL, GEORGE LARKIN, JAMES LEONARD, ROY WELTY, SR., PERL A. DECKER, WM. D. EMBLEM, C. HUGHES, ROBERT COWING, AND THOMAS CULLEN, APPELLANTS, v. INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, RESPONDENT.

No. 5600

January 7, 1969                    449 P.2d 250

[Rehearing denied February 20, 1969]

*Breen & Young, Jerry Carr Whitehead, David R. Hoy,* and *Jerome M. Polaha,* of Reno, for Appellants.

*Bissett & Logar,* of Reno, and *Neyhart, Grodin & Beeson,* Russ Building, 100 Bush Street, San Francisco, California, for Respondent.

14

**OPINION**

By the Court, ZENOFF, J.:

Appellants are members of the International Brotherhood of Electrical Workers. They instituted a wildcat strike and were subjected to a union disciplinary hearing before the Union's International Executive Council and suspension from union activities for prescribed periods of time. They sought an injunction against enforcement of the discipline, but the union was granted summary judgment from which the disciplined members appeal.

1. The constitution of the I.B.E.W. provided for trial of the charged parties by the I.E.C. The president and the secretary of the I.E.C. were delegated by the parent board to compile a record of testimony. Appellants complain that the

delegation was unlawful and contrary to the basic rules of the union constitution and that the entire board should have conducted the hearings. This court has inferentially approved the method of delegation. Berryman v. Int'l Bhd. Elec. Workers, 82 Nev. 277, 416 P.2d 387 (1966). But to set the matter at rest we adhere to the doctrine that the power of delegation in this instance is reasonable and permissible. The members of the I.E.C. live in far-flung areas of the United States and it would be unreasonable to require that they convene in the Reno area or any other area to conduct these hearings. Love v. Grand Int. Div. Bro. Loco. Eng., 215 S.W. 602, 605 (Ark. 1919). The I.B.E.W. constitution required trial by the entire membership of the I.E.C. This requirement was fulfilled because the record of the hearings was sent to each member who then made his decision on the merits.

2. Union disciplinary tribunals are not governed by the strict procedural requirements of a court of law. An informal procedure for resolving intra-union conflicts is limited only by the classic requirement that due process and fairness must be afforded. As long as the merits are fully disclosed with the accuser and the accused on a roughly equal footing the accused cannot complain that he was denied counsel at a disciplinary hearing, Smith v. General Truck Drivers, 181 F.Supp. 14 (S.D. Cal. 1960); Cornelio v. Metropolitan District Council, 243 F.Supp. 126 (E.D. Pa. 1965), Aff'd, Per Curiam, 358 F.2d 728 (3rd Cir. 1966), that he was not informed in advance of the witnesses to be called by the union or that the degree of fairness was diminished because the prosecutor was also a witness. Parks v. I.B.E.W., 314 F.2d 886, cert. den., 372 U.S. 976 (1963). We find no fault in the hearings before the union board. To say the least they were extensive beyond need. The finding by the board that the appellants engaged in unjustified work stoppages in violation of their contract and the union constitution is substantially justified by the voluminous record.

3. Appellants contend that summary judgment should not have been granted because there were material issues of fact which would have to be the subject of a trial. Absence of undecided material genuine issues of fact is manifest from an examination of the motion for summary judgment and its opposition. Appellants filed no affidavits in opposition as

required by NRCP 56(e).[1] Therefore, the issues of law having been properly resolved by the trial court, the summary judgment for respondent was properly granted. Dredge Corp. v. Husite Co., 78 Nev. 69, 369 P.2d 676 (1962); Foy v. Norfolk & Western Ry. Co., 377 F.2d 243 (4th Cir. 1967).
Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.

---

[1]NRCP 56(e). *"Form of Affidavits; Further Testimony; Defense Required.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."