HARRY POLK AND PEGGY POLK, APPELLANTS, v. DOUGLAS W. MAC MILLAN, RESPONDENT.

No. 6481

November 4, 1971                 490 P.2d 218

*Raymond E. Sutton,* of Las Vegas, for Appellants.

*Hilbrecht, Jones & Schreck,* of Las Vegas, for Respondent.

## OPINION

By the Court, GANG, D. J.:

This is an appeal from the granting of a summary judgment in favor of the plaintiff, awarding him the sum of $7,200 together with 7 percent interest from November 17, 1964. The appellants, defendants below, ask that we set aside the summary judgment on the ground that there is a genuine issue of fact. In this opinion the parties will be referred to as plaintiff and defendants.

Plaintiff in his complaint alleged that a judgment had been entered, attached a certified copy of the judgment, and claimed that "no part of the judgment, costs, disbursements, or accrued and accruing interest thereon, has ever been paid." These allegations were admitted by the defendants. A motion for summary judgment was then filed, pursuant to Rule 56(a) NRCP. The defendants claim that their affidavit, together with that of their counsel, raises a genuine issue of material fact which precludes summary judgment and demands a trial by the trier of the fact. We do not agree.

The court must, of course, accept as true all allegations in the affidavits favorable to the party against whom the summary judgment is entered (Parman v. Petricciani, 70 Nev. 427, 272 P.2d 492 (1954)) and accord to that party all favorable intendments to which he is entitled. Abbott v. Miller, 80 Nev. 174, 390 P.2d 429 (1964). The affidavits must, however, raise a genuine issue of material fact in order to forestall the granting of a summary judgment. Rule 56(c) NRCP.

The affidavits offered by the defendants in opposition to the plaintiffs' motion for summary judgment do not claim payment of the judgment. They assert payment of $7,000 to the plaintiff without specifying the purpose of that payment. On the other hand, the plaintiff explained that such payment was not in discharge of the judgment upon which this suit is based, but was for an unrelated debt. The explanation is unrefuted.

No genuine issue of material fact has been raised or even inferred. Summary judgment was proper.

Affirmed.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.