**COMMUNICATION WORKERS OF AMERICA, AFL–CIO, LOCAL 6003,** Appellant,

v.

**Veta JACKSON, Appellee.**

**No. 45130.**

Supreme Court of Oklahoma.

Oct. 23, 1973.

Rehearing Denied Dec. 11, 1973.

**530**

Jerry D. Sokolosky, Oklahoma City, for appellant.

Meacham, Meacham & Meacham, Clinton, for appellee.

BERRY, Justice:

The Union brought this action to enforce payment of a fine imposed by it upon appellee. The trial court granted judgment for appellee and the Union appeals.

The undisputed facts were that on April 23, the Union called a strike against appellee's employer, and appellee, a Union member at the time, crossed the picket line and worked for 8 or 9 days during the 11 day strike. On June 8 appellee resigned from the Union but continued to work for the employer in a management position.

By letter dated June 19, the Union notified appellee charges had been filed against her for crossing the picket line in violation of Art. XIX § 1 of the Union Constitution, a trial would be held in the City of Clinton on July 12, and Art. XIX § 3, Para. 4 of the Union Constitution gave her the right to select a member of the local union as counsel, to produce witnesses and documentary evidence, to be heard in her own behalf and to cross-examine witnesses. By letter dated July 2, the Union notified appellee the trial was to be held at 2:00 P.M. on July 12 at the Glancy Motel.

Appellee did not appear for the Union hearing, it was held in her absence, and the Union jury returned a verdict assessing a fine of $274.52 against her. The Union filed this action after appellee failed to pay the fine.

The trial court found for appellee holding (1) she was not a Union member at the time the charges were filed or at the time of the Union trial; (2) she was not afforded due process; (3) the fine was unreasonable and capricious and there was no proof the Union suffered any compensatory damages.

The Union contends it had the right to fine appellee after she resigned for her pre-resignation conduct, appellee was afforded due process, and the fine was appropriate and reasonable.

In Taxi Driver's Local Union No. 889 v. Pittman, Okl., 322 P.2d 153, we held in paragraph 2 of the syllabus:

"The constitution and by-laws of a voluntary unincorporated association constitutes a contract by which those voluntarily becoming members of the association are bound."

In the body of that opinion we further stated:

"Without doubt, an organization such as this defendant has authority to establish rules which permit disciplinary measures against members who violate their reasonable provisions."

In the present case Art. XIX § 1 of the Union Constitution provides:

"Members may be fined, suspended, or expelled by Locals in the manner provided in the Constitution for any of the following acts: * * * working without proper Union Authorization during the period of a properly approved strike in or for an establishment which is being struck by the Union or Local."

Courts in other jurisdictions have enforced reasonable fines assessed, in accordance with due process, by unions against members pursuant to the by-laws and constitution of the union. Jost v. Communications Workers of America Local 9408, 13 Cal.App.3d Supp. 7, 91 Cal.Rptr. 722; United Automobile, A. & A. I. Wrkrs. Local 283 v. Scofield, 50 Wis.2d 117, 183 N. W.2d 103; North Jersey Newspaper Guild Local No. 173 v. Rakos, 110 N.J.Super. 77, 264 A.2d 453; Walsh v. Communications Workers of America, 259 Md. 608, 271 A. 2d 148.

Furthermore, the United States Supreme Court has held a union's acts of fining full members who decline to honor authorized strikes and attempting to collect the fines do not constitute an unfair labor practice under § 8(b)(1)(a) of the National Labor Relations Act [29 U.S.C. § 158(b)(1)(a)]. N. L. R. B. v. Allis Chalmers Mfg. Co., 388 U.S. 175, 87 S.Ct. 2001, 18 L.Ed.2d 1123.

In footnote 9 of that opinion the court stated:

" * * * the potentiality of resort to courts for enforcement is implicit in any binding obligation. * * * It is also suggested that court enforcement of fines is 'a rather recent innovation.' Yet such enforcement was known as early as 1867."

■ We conclude a union which imposes a reasonable fine upon a member in accordance with the provision of its constitution and by-laws, and due process, is entitled to court enforcement of the fine.

However, the trial court, relying upon N. L. R. B. v. American Bakery and Confectionery Workers, Local 300, AFL–CIO, 7 Cir., 411 F.2d 1122, held the union could not fine appellee after she resigned from the union. In the cited case union members were expelled, they then filed unfair labor practice charges against the union, and the union then discovered it had failed to inform the members of fines assessed against them at the original hearing. The court found the fines were assessed in retaliation for filing unfair labor practice charges and held the union's action to be an unfair labor practice. We conclude that case does not hold a union may not fine a member who has resigned for pre-resignation conduct, and conclude the applicable law is set out in the case of North Jersey Newspaper Guild Local No. 173 v. Rakos, supra.

There an employee crossed a picket line his union had agreed to honor. Subsequently, but prior to the time the union filed charges against him, he accepted a management position with his employer and attempted to resign from the union. The union refused to accept his resignation and assessed a fine against him. In the union's action to enforce the fine he contended the union could not fine him after he ceased to be a union member. That court held:

"The fact * * * formal charges were not filed until after the date of the resignation did not detract from defendant's liability to discipline for their infraction. * * *

"Since defendant's contractual consent * * * was extant at the time he crossed the picket line * * * the rights and obligations existing between him and the union continued enforceable, notwithstanding the latter termination of his contractual obligation. * * *"

The United States Supreme Court has held a union's attempts to enforce a fine assessed against resignees for post resignation conduct to be an unfair labor practice. N. L. R. B. v. Granite State Joint Board Textile Workers Union of America, Local 1029, 409 U.S. 213, 93 S.Ct. 385, 34 L.Ed. 2d 422; Booster Lodge No. 405, International Association of Machinists and Aerospace Workers, AFL–CIO v. N. L. R. B., 412 U.S. 84, 93 S.Ct. 1961, 36 L.Ed.2d 764. However, in the present case appellee committed the proscribed acts prior to her resignation.

■ Therefore, we conclude the trial court erred in holding appellee's resignation deprived the Union of its right to assess and enforce, the fine against appellee.

The trial court held appellee was not afforded due process at the Union hearing because (1) she was not furnished a copy of the charges and was not furnished the names of the persons who filed the charges; (2) she was denied the right of counsel because she was only entitled to a member of the local Union as counsel, and no members of the bar in the locality were members of the local Union, and (3) the jury was selected by appellant and only five union members were present, two being witnesses and three being members of the jury.

In her brief appellee further contends she was denied due process because the notice did not specify the time or place of the alleged misconduct, and did not specify the address of the motel and the room number where the hearing was to be held.

■ The notice informed appellee the hearing was to be held at the Glancy Motel in Clinton at 2:00 P.M. on July 12. Considering the size of the town and the fact appellee was employed at Clinton, we conclude appellee was given sufficient notice of the time and place where the hearing was to be held.

■ Furthermore, the notice stated charges had been filed against appellee for crossing the picket line "during the recent work stoppage", that charges were filed in

accordance with Art. XIX § 1 of the Union Constitution, and then quoted applicable portions of the Constitutional provision. Since the notice was mailed to appellee approximately seven weeks after the work stoppage, and since the stoppage occurred at appellee's place of employment, we conclude the notice was sufficient to inform appellee of the act she was charged with committing, the constitutional provision allegedly violated, and the time and place where she allegedly committed the act.

■ Insofar as concerns the contention appellee was not informed concerning who filed the charges and was denied the right to counsel, we note the Union was not represented by counsel at the hearing and that appellee at no time requested she be furnished the names of the persons who filed the charges, and conclude the applicable rule is set forth in Berryman v. International Bro. of Electrical Wkrs., 85 Neb. 13, 449 P.2d 250, wherein the court stated:

"* * * As long as the merits are fully disclosed with the accuser and the accused on a roughly equal footing the accused cannot complain that he was denied counsel at a disciplinary hearing, * * * that he was not informed in advance of the witnesses to be called by the union or that the degree of fairness was diminished because the prosecutor was also a witness."

See also Smith v. General Truck Drivers, D. C., 181 F.Supp. 14; Cornelio v. Metropolitan District Council, D. C., 243 F.Supp. 126, aff'd, per curiam, 3 Cir., 358 F.2d 728.

■ As concerns the selection of the Union jury, appellee does not contend the jury was not chosen in accordance with the provisions of the Union Constitution and the record reflects the composition of jury was in accord with Art. XVII § 4 of the by-laws of the Local. Furthermore, no evidence was introduced indicating the jury was biased against appellee.

Therefore we conclude the trial court erred in holding that appellee was denied due process at the hearing.

The trial court held that the amount of the fine was arbitrary and capricious because the jury based its verdict upon evidence that appellee's check for the strike period was for $267, and further held no evidence indicated the Union suffered any compensatory damages. Appellee further contends the amount of appellant's recovery must be determined by contract law and there must be no penalty provided for breach which is not reasonably compatible with the amount of damage sustained.

In N. L. R. B. v. Boeing, 412 U.S. 67, 93 S.Ct. 1952, 36 L.Ed.2d 752, the Supreme Court stated:

"Issues as to the reasonableness or unreasonableness of such fines must be decided upon the basis of the law of contracts, voluntary associations, or such other principles of law as may be applied in a forum competent to adjudicate the issue. Under our holding, state courts will be wholly free to apply state law to such issues at the suit of either the union or the member fined."

Here the Union by-laws provided the procedure whereby fines could be imposed, but apparently neither the by-laws nor the Union Constitution imposed a limitation upon the maximum amount of a fine which might be imposed.

In Jost v. Communications Workers of America, supra, the court stated:

"* * * such a fine becomes a debt enforceable by the courts in an amount that is not unreasonably large."

In Walsh v. Communication Workers of America, supra, the court stated:

"As we see it, a reasonable fine in labor relations law may be analogized to liquidated damages and an unreasonable fine to a penalty."

In the latter case the court granted enforcement of a fine which exceeded the amount of wages earned by the employee during the strike.

■ We conclude that in the present circumstances a fine of $274.52 was reasonable.

Appellant further requests that an attorney's fee be awarded to it, but cites no statute authorizing an award of attorney's fee in this case. Generally recovery of attorney's fee from opponent in litigation as part of costs cannot be allowed in absence of statute or some agreement expressly authorizing it. Miller v. Liberty National Bank & Trust Co. of Oklahoma City, Okl., 391 P.2d 269. Therefore, we conclude appellant is not entitled to an award for attorney's fee.

The judgment of the trial court is reversed and remanded with instructions to enter judgment for appellant in the amount of $274.52 and costs.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

HODGES, J., concurs in result.