GEORGE HOFFMAN, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF CLARK, Respondent.

No. 7340

July 8, 1974                    523 P.2d 848

*Wiener, Goldwater & Galatz, R. Gardner Jolley* and *J. Charles Thompson,* of Las Vegas, for Petitioner.

*John G. Spann,* of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

On February 8, 1972 an offer and acceptance agreement for the sale of real property was executed by the Petitioner, George Hoffman, as the seller, and Everett A. McGhie, as the buyer. The agreement provided for the release to the seller, within five days after escrow opened, of the sum of $250 from the $500 earnest money deposited with Norman Kaye Real Estate Company.

No money was ever released to the seller. When documents were sent to him on or about March 9, 1972, he refused to

sign them and complete the sale, contending that there had been a breach of the offer and acceptance agreement because he had not received $250 within five days after escrow had opened on February 28, 1972.

Everett A. McGhie, as the agent of Chermac Builders and Norman Kaye Real Estate Company filed a complaint against George Hoffman and Margie Hoffman, seeking damages, and attorney's fee and a real estate commission. Only George Hoffman answered and then he moved for summary judgment upon the grounds that the plaintiff had failed to live up to the conditions of the offer and acceptance agreement, and as a result had forfeited the moneys on deposit and was precluded from maintaining this action.

After a hearing, the district court denied Hoffman's motion for summary judgment. He now seeks a writ of mandamus in this court to compel the district court to grant summary judgment.

Mandamus will lie to compel entry of a summary judgment where the law and the facts so require. Holloway v. Barrett, 87 Nev. 385, 487 P.2d 501 (1971); Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964). However, the legal right of a petitioner to the entry of a summary judgment must be clear, complete and not open to reasonable doubt. Garaventa v. Garaventa, 61 Nev. 407, 131 P.2d 513 (1942). It will lie only where there remains no genuine issues of fact to be resolved and where it is compelled as a matter of law. Berryman v. Int'l. Bhd. of Elec. Workers, 85 Nev. 13, 449 P.2d 250 (1969); Whiston v. McDonald, 85 Nev. 508, 458 P.2d 107 (1969); Dredge Corp. v. Husite Co., 78 Nev. 69, 369 P.2d 676 (1962).

The offer and acceptance agreement is ambiguous regarding the question when an escrow was to open. Petitioner relies on the conclusory answer to interrogatories given by Everett A. McGhie to the effect that escrow opened on February 28, 1972.

The threshold question is whether an escrow was ever opened. The plaintiffs, as the parties against whom summary judgment was requested must be afforded all favorable intendments. Taken in this favorable light, the facts found in this case fall completely short of establishing the existence of an escrow. Polk v. MacMillan, 87 Nev. 526, 490 P.2d 218 (1971); Abbott v. Miller, 80 Nev. 174, 390 P.2d 429 (1964).

Although the plaintiffs below alleged in their complaint that as a result of the execution of said offer and acceptance agreement, plaintiffs opened an escrow with the Stewart Title Insurance Company of Nevada to handle the sale of said land, the petitioner, in his answer denied that allegation. The record contains no escrow instructions and there is nothing to indicate that Stewart Title Insurance Company of Nevada ever accepted the alleged escrow.

A valid escrow agreement is a triangular arrangement. First there must be a contract between the seller and buyer agreeing to the conditions of a deposit, then there must be delivery of the items on deposit to the escrow agent, and he must agree to perform the function of receiving and dispersing the items. The agreement by the seller and buyer to all the terms of the escrow instructions and the acceptance by the escrow agent of the position of depository create the escrow. Kennedy v. District-Realty Title Insurance Corp., 306 A.2d 655 (D.C. Cir. 1973); House v. Lala, 4 Cal.Rptr. 366 (Cal.App. 1960); Cloud v. Winn, 303 P.2d 305 (Okla. 1956); Security-First Nat. Bank of Los Angeles v. Clark, 48 P.2d 167 (Cal.App. 1935); Home Ins. Co. of New York v. Wilson, 275 S.W. 691 (Ky. 1925).

Without an escrow the conclusory admission by McGhie that one was opened on February 28, 1972, is meaningless. Whether an escrow was created is an undetermined question of fact not answered in this record. Cloud v. Winn, supra.

Furthermore, whether there was a breach of the offer and acceptance agreement, and if so who caused the breach, whether the breach was material or minor, and what interpretation the parties placed upon the agreement, are all unresolved questions of fact.

Petitioner's prayer that a writ of mandamus issue is denied.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZEN-OFF, JJ., concur.