SUMMA CORPORATION, a Delaware Corporation, Petitioner, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, THE HONORABLE JOHN F. MENDOZA, Judge; MOBIL OIL CORPORATION, a New York Corporation; and FIRST WESTERN SAVINGS ASSOCIATION, a Nevada Corporation, Respondents.

No. 12175

July 28, 1980

614 P.2d 4

*Lionel Sawyer & Collins,* of Las Vegas, for Petitioner.

*Vargas, Bartlett & Dixon* and *Christopher L. Kaempfer,* of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Petitioner, Summa Corporation, is a defendant in a declaratory judgment action commenced by First Western Savings Association against Summa and Mobil Oil Co. In that action, First Western sought a judicial determination that its lease with Mobil Oil was terminated and that Summa's option to purchase the land covered by Mobil's lease was unenforceable.

Summa moved for partial summary judgment against First Western and Mobil. This motion was granted and Summa was awarded damages, costs and attorney's fees in an amount to be determined at trial. Mobil petitioned for a rehearing, which was granted. At a rehearing on the motion, the district court ruled that material issues of fact remained and denied Summa's motion. Summa, through this proceeding in mandamus, seeks to compel the entry of partial summary judgment.

A writ of mandamus will issue to compel entry of a summary

judgment when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Hoffman v. District Court, 90 Nev. 267, 523 P.2d 848 (1974); Holloway v. Barrett, 87 Nev. 385, 487 P.2d 501 (1971); Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964); see NRCP 56(c); NRAP 3A(b)(5).

In this case, Mobil's lease was properly terminated only if Mobil had or should have had notice of its new lessor, First Western. First Western, as the transferee of a lessor, had an affirmative duty to bring home to Mobil notice of the transfer of the lease. Snortland v. Olsonawski, 238 N.W.2d 215 (Minn. 1976); Pillsbury Inv. Co. v. Otto, 65 N.W.2d 913 (Minn. 1954). Summa asserts that such notice can be inferred from a series of exchanges between First Western and Mobil. As Mobil sent its renewal notice to its prior lessor, however, it can be inferred that Mobil had no notice of a change in its lessor. Indulging, as we must, in all reasonable inferences favorable to Mobil, Round Hill Gen. Improvement v. B-Neva, 96 Nev. 181, 606 P.2d 176 (1980), we cannot say that Mobil had such notice as a matter of law.[1]

Writ denied.

---

[1]This case was consolidated with Mobil Oil Corporation v. First Western Savings Association, Docket No. 11244, for the purpose of oral argument.