## TONI A. HART, Appellant, v. HAROLD M. HECHT, Respondent.

### No. 17784

August 25, 1988                    760 P.2d 114

[Rehearing denied May 18, 1989]

*Mills & Gibson,* Las Vegas, for Appellant.

*Rawlings, Olson & Cannon,* and *Janice A. Hodge,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Toni Hart sued her attorney, Harold Hecht, for wrongfully disbursing funds entrusted to him. The district court dismissed Hart's complaint. Hart contends that the district court erred in finding that Hecht did not violate their agreement. We agree.

Hart's home was destroyed by fire. Hecht suggested to Hart that she use Andrea Licciardello ("Andrea"), a contractor to rebuild the house. Hart accepted the suggestion but wished to avoid using a professional escrow agency to disburse construction funds and agreed orally with Hecht that he would act in that capacity. It was understood that Hecht would pay the bills and invoices presented to him by Andrea and the subcontractors when accompanied by valid lien releases.

Over a five-month period, Hart gave Hecht $152,000.00. Hecht disbursed $61,000.00 directly to subcontractors and $91,000.00 to Andrea. Of the $91,000.00, Hecht paid $64,995.00 to Andrea without documentation simply upon Andrea's request for construction money; Andrea failed to account for $57,000.00 of that sum and spent an additional $15,000.00 on unrelated expenses. Hart fired Andrea in January, 1982, when the house was thirty percent complete.

Two materialmen who had not been paid sued Hart and Andrea. Hart filed a third-party complaint against Hecht and Andrea for failing to pay the suppliers. The district court found for the suppliers against Hart and Andrea. The court also entered judgment against Andrea on Hart's third-party complaint for $90,000.00 plus the misspent $15,000.00; additionally, judgment was rendered for the $130,000.00 it cost Hart to complete the house. The court dismissed Hart's third-party complaint against Hecht with prejudice.

Hart's third-party complaint alleged that Hecht failed to disburse funds in accordance with their agreement. Hart claims that Hecht violated the trust agreement by paying $64,995.00 directly to Andrea without obtaining bills, receipts or releases. We agree. The record is clear that Hecht failed to follow the terms of his agreement with Hart.

We held in Broussard v. Hill, 100 Nev. 325, 329, 682 P.2d 1376, 1378 (1984), that "in managing monies deposited in escrow, the escrow agent is required to conduct his affairs with scrupulous honesty, skill and diligence." *See also* Yapp v. State Bar of California, 402 P.2d 361 (Cal. 1965); Tucson Title Insurance Company v. D'Ascoli, 383 P.2d 119 (Ariz. 1963). Once Hecht agreed to hold and disburse Hart's funds he was constrained by this heightened standard of care. Indeed, Hecht facilitated the project by informing the State Contractors Board that he would pay the invoices of the subcontractors and obtain lien releases. Hecht's written representation to the Board was provided in order to obtain a waiver of the required contractor's bond; as a result, the Board waived the bond, leaving Hart protected only by Hecht's skill and diligence if the contractor failed to perform.

Hecht did not act with "scrupulous honesty, skill and diligence." Although Hecht did not divert funds for his own use, he admitted that he agreed to pay Andrea only upon presentment of receipts and releases. This he did not do. As a result, Andrea was able to squander a large amount of the money entrusted to Hecht by Hart for the very purpose of preventing the type of loss that occurred. The district court decision to dismiss Hart's third-party complaint against Hecht was error. The court should have entered judgment against Hecht for the amount paid by him in contravention of the agreement. We accordingly reverse the dismissal of Hart's third-party complaint against Hecht and remand the matter to the district court with instructions to enter judgment against Hecht in the amount of $64,995.00.