WARREN S. WOOD, Appellant, *v.* CHICAGO TITLE AGENCY OF LAS VEGAS, INC., Respondent.

No. 23087

February 23, 1993                          847 P.2d 738

*Richard McKnight* and *R. Clay Hendrix,* Las Vegas, for Appellant.

*Netzorg, Raleigh, Hunt & McGarry,* Las Vegas, for Respondent.

---

[2]The Honorable Miriam Shearing, Justice, did not participate in the decision of this matter.

# OPINION

*Per Curiam:*

## FACTS

In 1984 Robert Chapman ("Chapman") and Dasco, Inc. ("Dasco") were embroiled in litigation (the "Dasco litigation"). Chicago Title Agency of Las Vegas, Inc. ("Chicago Title") held in an escrow account (the "account") money which was the subject matter of the dispute. Chicago Title was not a party to the Dasco litigation.

In March 1986 for valuable consideration, Chapman executed to Wood a promissory note in the amount of $17,092.89. The note was payable "on or before the Dasco Settlement . . . ."

In April 1986 Chapman assigned his interest in the account to Wood. In September 1986 Wood duly notified the Chicago Title officer in charge of the account of the assignment.

Chapman and Dasco entered into a stipulated settlement agreement in April 1990. The district court entered this stipulation and order (the "order") on April 23, 1990.

The order authorized Chicago Title to release $206,000.00 from the account to Chapman. Dasco received the balance of the account. In addition, the order directed Chapman to pay from his portion "any and all assignments and/or liens which have been filed in this matter or otherwise related to these proceedings. . . ."

On April 24, 1990, Chapman's attorney presented Chicago Title with a certified copy of the order. Chicago Title disbursed the account that same day, but did not pay Wood as directed by the assignment.

Wood filed suit against Chicago Title for failing to honor the assignment. Chicago Title filed an answer and third-party claim against Chapman for indemnification. Chicago Title then moved for summary judgment. Thereafter, Wood filed an opposition to the motion for summary judgment and a counter-motion for summary judgment. The district court granted Chicago Title's motion for summary judgment and denied Wood's counter-motion. This appeal followed.

The sole issue on this appeal is whether the order issued by the district court excused Chicago Title, as obligor, from honoring the contractual obligation in favor of the assignee, Wood, where neither of the two were parties before the court. We hold that it does not.

## DISCUSSION

"After notice of [an] assignment has been given to the obligor . . . the assignor has no remaining power of release. The obligor must pay the assignee." 4 Arthur L. Corbin, Corbin on Contracts § 890 (1951).

Wood argues that rather than blindly pay pursuant to the order, Chicago Title should have sought clarification or guidance from the district court. In the alternative, Chicago Title should have interpled the money and let the district court determine how to disburse it.

Chicago Title, on the other hand, maintains that the order excused it of any obligation inconsistent with the order. Chicago Title contends that Chapman, the assignor, rightfully negotiated a deal with a third party (Dasco), which permitted the obligor (Chicago Title) to avoid paying the assignee (Wood). We disagree.

The order, which began as a stipulation between the assignor and a third party, could not have altered Wood's vested right to receive the money per the assignment. This position is clearly consistent with established principles of assignment. "Once a valid assignment has been made, the assignor cannot cancel or modify the completed assignment by an unilateral action without the consent of the assignee . . . ." Martinez v. Martinez, 650 P.2d 819, 822 (N.M 1982).

Alternatively, Chicago Title argues that it had a legal obligation to obey the order, that it did obey the order, and that in doing so it was excused of any duty it may have otherwise owed Wood under the assignment. To disobey the order, urges Chicago Title, would have resulted in contempt of court sanctions against it. In support of this contention, Chicago Title cites Poirier v. Bd. of Dental Examiners, 81 Nev. 384, 404 P.2d 1 (1965).

Poirier had been the subject of a permanent injunction enjoining him from, among other things, performing acts of dentistry. The district court found Poirier guilty of contempt for violating the injunction and subsequently punished him with a fine and jail time.

Poirier—the party held in contempt for violating the court order—was a party to the litigation; the order which he violated was directed specifically at him. On its facts, *Poirier* was correctly decided. That case, however, is of no assistance to Chicago Title, because the facts are readily distinguishable.

Unlike Poirier, Chicago Title was not a party before the court. Other than the need to release the funds to the correct party,

Chicago Title had no real interest in the outcome of the Dasco litigation. Although mentioned in the order, Chicago Title was not ordered to do anything. Of course, it did have a contractual obligation to release the money once a conclusion was reached as to whom it rightfully belonged. It had the additional obligation, however, to pay Wood per the assignment. Moreover, paying Wood according to the assignment would not have been inconsistent with the court order as it would have satisfied Chapman's obligation to Wood as evidenced by the assignment.

We hold that Chicago Title would not have been subject to contempt had it sought guidance from the district court or filed an interpleader. Unfortunately, rather than seek the district court's assistance or pay Wood pursuant to the assignment, Chicago Title, at its peril, chose to release the account without paying Wood. In so doing, Chicago Title breached the duty it owed Wood. Because the order did not excuse Chicago Title from its duty to pay Wood, Chicago Title was not entitled to summary judgment.

We also conclude that Wood's counter-motion for summary judgment should have been granted. "[An] obligor is liable to the assignee if the funds assigned are subsequently paid to the assignor in violation of the assignment." Bonanza Motors, Inc. v. Webb, 657 P.2d 1202, 1204 (Idaho Ct.App. 1983). Similarly, an obligor "who disregards [a valid] assignment and makes payment elsewhere remains liable to the assignee." Business Fin. Servs., Inc. v. AGN Dev. Corp., 694 P.2d 1217, 1222 (Ariz. Ct.App. 1984). Accordingly, Chicago Title is still obligated to Wood under the assignment. Determining that there are no genuine issues of material fact, we hold that Wood is entitled to judgment as a matter of law.

Accordingly, we reverse the district court's order entering summary judgment in favor of Chicago Title and remand this matter to the district court. On remand, we instruct the district court to grant Wood's counter-motion for summary judgment.