THE STATE OF NEVADA, ON RELATION OF FRANK L. GARAVENTA, RELATOR, *v.* GARAVENTA LAND & LIVESTOCK COMPANY, A CORPORATION, JOSEPH A. GARAVENTA, AS DIRECTOR, PRESIDENT, AND TREASURER, AND WILLIAM E. GARAVENTA, AS DIRECTOR OF SAID CORPORATION, RESPONDENTS.

No. 3347

November 6, 1941.          118 P. (2d) 703.

*H. R. Cooke* and *John Davidson,* both of Reno, for Relator.

*Springmeyer & Thompson,* of Reno, for Respondents.

**OPINION**

By the Court, TABER, J.:

In August of the present year relator filed a verified complaint in this court praying for a writ of mandamus. The complaint alleged that at the time of its filing and when the demands hereinafter mentioned were made, relator was a stockholder in and a director and the secretary of respondent corporation; that at said times respondent Joseph A. Garaventa was a director and the president and treasurer of said corporation,

and resident agent in charge of its principal office; that the bylaws provided that the secretary of the corporation should at all times have charge and custody of its seal, books, records, papers, and documents; that at said times respondent Joseph A. Garaventa had possession of the seal and all the books, records and documents of said corporation; that prior to the filing of said complaint relator demanded of said respondent that he deliver said seal, books, records and documents to relator, and further demanded that said respondent permit relator to inspect all of said books, documents and records; that relator's said demands have not been complied with, as the result of which he has been deprived of information necessary to enable him to decide and determine upon the value of his stock and his future course as a stockholder of respondent corporation.

The prayer of the complaint asked that an alternative writ be issued directed to respondent Joseph A. Garaventa, (a) commanding him to deliver said seal, books, records, bylaws, documents, and papers to relator as secretary of the corporation; (b) commanding said respondent, in the event such delivery be deferred, or not granted as prayed for, to exhibit to relator for his inspection the books, bylaws and stock ledger of said corporation and permit relator to make extracts from said records; and (c) commanding said respondent to exhibit to relator for his inspection the bylaws of said corporation and the book of record containing the minutes of meetings of the board of directors and of stockholders, and to permit relator to take extracts therefrom.

Upon presentation of the complaint to one of the justices of this court, an order was made that the alternative writ issue as prayed for, whereupon it was issued by the clerk, who used the form prepared by relator's counsel. The recitals of the writ conform to those in the complaint, but the only mandate in the writ is that respondent Joseph A. Garaventa deliver to relator, as secretary of the corporation, its seal and all

its books, records, bylaws, documents and papers in his possession or under his control, or show cause for not doing so. The writ does not command that any inspection be allowed, or the taking of any copies permitted.

In due time respondents, in one pleading, filed their return to the alternative writ and their answer to the complaint. In this pleading respondents deny, among other things, that relator is a stockholder in or a director or the secretary of the corporation, deny that at the times when the demands for delivery and inspection were made relator was, or has at any time since been, a stockholder in or a director or the secretary of respondent corporation, and deny that the bylaws provide that the secretary of the corporation should at all times have charge and custody of its seal, books, records, papers and/or documents.

A few days after the respondents filed their said return and answer, relator noticed a motion for an order requiring respondents to give him an inspection and permission to take a copy of the following described books, records or papers of respondent corporation: Stock certificate book, stock ledgers, duplicate stock ledgers, copies of income tax returns, copies of capital stock tax returns, minute book, bylaws of said respondent corporation and canceled certificates of stock. It is this motion that is now before the court. It is based on the ground that such inspection and taking of copies is necessary to enable relator to establish the allegations of his complaint, and that he cannot safely proceed to trial without such inspection and taking of copies. The motion is made under the provisions of sec. 8963 N. C. L. 1929, the pertinent part of which reads: "Any court in which an action is pending, or a judge thereof may, upon notice, order either party to give to the other within a specified time an inspection and copy, or permission to take a copy of any book, document, or paper in his possession, or under his control, containing evidence relating to the merits of the action, or the defense therein."

■ Respondents contended that the motion should be denied, for the reason that the complaint in the main proceeding does not state facts sufficient to constitute a cause of action. They assert that the proceeding is in effect one to try title to an office, that mandamus is not the proper remedy in such a case, and that relator has a plain, speedy and adequate remedy in the ordinary course of law, namely, quo warranto. These questions must be determined from the face of the complaint, regardless of any denials in the answer.

The complaint alleges that relator is, and at the time of the demands hereinbefore mentioned was, secretary of respondent corporation, and that under the provisions of the bylaws, as such secretary, he is entitled to have charge and custody of the seal, books, records, papers and documents of the corporation. It further alleges that relator is, and at the time of said demands was, a stockholder in said corporation. Section 1679 N. C. L. 1929 provides in part that the stock ledger, or duplicate thereof, shall be open daily, except Sundays and holidays, during at least two business hours, for inspection by any stockholder, who may also make extracts therefrom.

Whether relator was or is the secretary of and a stockholder in the corporation, or either such secretary or stockholder, are, it is true, material issues; but the main purpose of the action is not to try title to an office, but to compel delivery of the seal, books, records and papers to relator as secretary; or, in the alternative, to compel respondents to permit relator to inspect said books, records and papers and take extracts therefrom.

■ A stockholder as such is not an officer of a corporation. The secretary, however, is an officer of the corporation who holds office until his successor is chosen and qualifies; but it is nowhere alleged that any person other than relator is claiming the office, or that it is being filled, de facto or otherwise, by any other person.

■ Relator has chosen the proper remedy. 18 C. J. S., Corporations, sec. 191, p. 611, n. 54; 13 Am.

Jur. 491, n. 13. It is also the opinion of the court that the complaint states facts sufficient to constitute a cause of action, both for the delivery of the books, records, and papers to relator as secretary, and for inspection by him as a stockholder. Whether relator was or is a stockholder is a question to be tried and determined in the main proceeding; so, also, is the question whether he was or is the secretary of the corporation, and if so, whether he is entitled to have the custody and control of its seal, books, records and papers.

■ Respondents contend that in view of the provisions of sec. 9247 N. C. L. 1929 this motion, as well as the main proceeding, should be heard and determined in the district court; but sec. 8963 N. C. L. 1929, under the provisions of which this motion has been made, expressly provides that it is the court in which the action is pending that may order either party to give the other an inspection and copy. The questions which may be tried in the district court under the provisions of said sec. 9247 are those raised by the pleadings in the main proceeding. An order made under the provisions of said sec. 8963 does not direct the trial of any issue. As this court is the one in which the main proceeding is pending, the order, if any, for discovery should be made here; but this court under the provisions of sec. 9247 may order the issues raised by respondents' return and answer to the alternative writ and complaint to be tried in the district court.

■ We think relator is entitled to an order of inspection and copy in connection with his prayer that the seal, books, records and papers of the corporation be delivered to him as its secretary; but the order should be limited to bylaws and minutes. As the secretary, under our statute (sec. 1635 N. C. L. 1929), is chosen by the board of directors, the minutes of that board may be expected to show who the secretary is. The fact that there might be something in some of the other books, papers, records, and documents of the corporation to indicate who the secretary is, is not, in our opinion,

sufficient basis for a sweeping pre-trial inspection of all of them.

■ Our statute does not give custody or control of the corporation's books, papers and records to the secretary. In the absence of such statute, and the corporation itself being the owner and entitled to the possession of its books, papers and records, the stockholders or directors may prescribe the person who shall have custody of them. 18 C. J. S., Corporations, sec. 191, p. 611. To ascertain, therefore, whether the secretary of a Nevada corporation has the right to the custody and control of its books, papers and records, it is the bylaws, and the directors' and stockholders' minutes which are to be inspected.

■ We have now to consider relator's motion with reference to the prayer for inspection contained in his complaint. It is true that the stock certificate book and the stock ledger or the duplicate stock ledger would be expected to show whether relator is a stockholder; but, if the court were at this time to grant him the right to inspect those books, it would be awarding him, on the motion now before the court, the right of inspection prayed for in the main proceeding. This, as we view it, would not be a proper exercise of discretion.

It is the order of the court that respondents give to relator, his agents and attorneys, an inspection and permission to take copies of the bylaws of respondent corporation, and of the minute books of all stockholders' and directors' meetings of said corporation; that a certified copy of this opinion be forthwith sent to respective counsel by registered mail with return receipt demanded, and that said right to inspect and permission to take copies be given relator by respondents within ten days of the receipt by counsel for respondents of said certified copy of this opinion.