IN THE SUPREME COURT OF THE STATE OF NEVADA

TURNBERRY/SOUTH STRIP, LP, A
NEVADA LIMITED PARTNERSHIP;
AND TURNBERRY/CENTRA
DEVELOPMENT, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MARK R. DENTON, DISTRICT JUDGE,
Respondents,
   and
CENTRA PARK, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Real Party in Interest.

No. 78620



FILED

MAR 2 6 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
      DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of mandamus or prohibition challenging a district court order compelling the production of documents.

Petitioner Turnberry/South Strip, LP (Turnberry) and real party in interest Centra Park, LLC (Centra) jointly own petitioner Turnberry/Centra Development, LLC (TCD), which owns subsidiary Turnberry/Centra Office Sub, LLC (Office Sub). TCD is governed by an operating agreement.

In 2007, Lehman Brothers loaned $95 million to Jaqueline and Jeffrey Soffer, who manage Turnberry, TCD, and Office Sub. The loan was secured by a deed of trust on the office space owned by Office Sub. Office Sub subsequently signed a confidential settlement agreement with Lehman

20-11702

Brothers and other third parties—without including Centra—that granted BPS Option, LLC, an entity owned by the Soffers' sister, an option to purchase the loan with its collateral rights. BPS Option then purchased the loan, acquired the deed of trust on the office space, and foreclosed on it. Office Sub, and thereby Centra, lost its interest in the office space. Centra sought to inspect and review various documents related to the transaction pursuant to rights provided in TCD's operating agreement, but TCD only offered its books of account.

Centra subsequently filed suit against petitioners for specific performance of TCD's operating agreement and alleged breaches of the operating agreement. It sought disclosure of three categories of documents: (1) the confidential settlement agreement, (2) documents related to BPS Option, and (3) TCD's electronic accounting software. Centra moved to compel Turnberry to produce 14 sets of documents, and the district court ordered production in part. The district court concluded that the action was not a statutory inspection action and that NRCP 34 and section 7.1 of the Operating Agreement gave independent bases for the documents' production. It also ordered Turnberry to produce a privilege log for privileged documents and provide a sworn declaration for documents it did not or could not possess. This petition followed.

A writ of prohibition[1] may issue "to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the jurisdiction of the district court." *Club Vista Fin. Servs., LLC*

---

[1]While petitioners seek both writs in the alternative, this court has acknowledged that a writ of "prohibition is a more appropriate remedy for the prevention of improper discovery than mandamus." *Wardleigh v. Second Judicial Dist. Court*, 111 Nev. 345, 350, 891 P.2d 1180, 1183 (1995).

*v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012); *see* NRS 34.320. Writ relief is generally not available with respect to discovery orders, except regarding (1) blanket discovery orders without regard to relevance and (2) orders compelling disclosure of privileged information. *Valley Health Sys., LLC v. Eighth Judicial Dist. Court*, 127 Nev. 167, 171, 252 P.3d 676, 678-79 (2011). We elect to entertain this petition for a writ of prohibition, however, because petitioners have no "plain, speedy, and adequate remedy at law." *See Club Vista*, 128 Nev. at 228-29, 276 P.3d at 249. If improper discovery were allowed, petitioners would lose their substantive right to withhold documents, as the documents would have already been disclosed. Accordingly, we now turn to whether a writ of prohibition should issue in this case.

Petitioners argue that the district court erred in compelling the production of documents. Reviewing the district court's discovery order for an abuse of discretion, *Club Vista*, 128 Nev. at 228, 276 P.3d at 249, and questions of law and interpretation of contracts de novo, *Federal Insurance Co. v. Coast Converters*, 130 Nev. 960, 965, 339 P.3d 1281, 1284 (2014), we disagree.

As a preliminary matter, we reject petitioners' argument that this is an inspection action in which discovery would be limited. *Cf. Amalgamated Bank v. Yahoo! Inc.*, 132 A.3d 752, 789 (Del. Ch. 2016)[2],

---

[2]We apply Delaware law because the parties' operating agreement provides that Delaware law governs its interpretation. *See Progressive Gulf Ins. Co. v. Faehnrich*, 130 Nev. 167, 171, 327 P.3d 1061, 1064 (2014) ("So long as the parties acted in good faith and not to evade the law of the real situs of the contract, Nevada's choice-of-law principles permit parties within broad limits to choose the law that will determine the validity and effect of their contract." (internal quotation marks and citations omitted)).

*abrogated on other grounds by Tiger v. Boast Apparel, Inc.*, 214 A.3d 933 (Del. 2019) (recognizing that discovery in statutory inspection actions is distinguishable from and more limited than discovery in a general civil action). Centra's complaint alleges several breaches of the operating agreement, such as breach for transacting with an affiliate and surreptitiously disposing of significant assets. It seeks specific performance of the operating agreement. Under Delaware law, breach under an LLC agreement is a breach of contract action. *See, e.g., Metro Comm. Corp. BVI v. Advanced Mobilecomm Techs., Inc.*, 854 A.2d 121, 140 (Del. Ch. 2004) (noting that allegations of breach of an LLC agreement provision providing for inspection rights stated a breach of contract claim). Turnberry has also conceded below that Centra's action is a contract action. The district court therefore did not err in determining that the action was not a statutory inspection action.[3]

We also reject petitioners' argument that the district court erred because the requested discovery exceeded the categories of documents sought in the complaint. NRCP 34[4] governs the production of documents in

---

[3]To the extent that petitioners rely on *State ex rel. Garaventa v. Garaventa Land & Livestock Co.*, 61 Nev. 110, 117, 118 P.2d 703, 706 (1941), for the proposition that discovery is limited even when inspecting documents under contractual agreements, their reliance is misguided because *Garaventa* dealt with a stockholder's statutory inspection rights, not contract rights.

[4]Nevada's procedural law still controls in this proceeding. *See Progressive Gulf*, 130 Nev. at 171, 327 P.3d at 1063 ("Nevada tends to follow the Restatement (Second) of Conflict of Laws (1971) in determining choice-of-law questions involving contracts . . . "); *Restatement (Second) of Conflict of Laws* § 122 (Am. Law Inst. 1971) ("A court usually applies its own local law rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case.").

discovery requests and permits requests within the scope of NRCP 26(b), which limits discovery to "any nonprivileged matter that is relevant to any party's claims or defenses . . . ." *See* NRCP 26(b)(1); NRCP 34(a). The relevancy rule "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (interpreting analogous federal rule); *see Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 53, 38 P.3d 872, 876 (2002) (recognizing that federal courts' interpretations of similar federal rules provide persuasive guidance). Centra seeks specific performance based on inspection rights provided by the operating agreement, but also alleges that petitioners breached the operating agreement by transacting with an affiliate and surreptitiously transferring substantial assets. Centra's discovery requests are relevant to those matters. To the extent that any documents were privileged or did not exist, the district court determined that Turnberry could provide a privilege log and sworn declaration. The district court therefore did not err in concluding that NRCP 34 provided a basis for the production of the documents.[5]

Finally, we reject petitioners' argument that Centra needed a proper purpose to obtain the requested discovery. NRCP 34 imposes no proper purpose requirements for the discovery of documents. TCD's

---

[5]Because we hold that NRCP 34 provides an independent basis for the production of the documents, we decline to reach petitioners' argument that the discovery requests exceeded Centra's inspection rights under section 7.1 of the operating agreement.

SUPREME COURT
OF
NEVADA

(O) 1947A

5

operating agreement likewise does not require any proper purpose.[6] *See Madison Real Estate Immobilien-Anlagegesellschaft Beschrankt Haftende KG v. Kanam USA XIX Ltd. P'ship*, No. 2863-VCP, 2008 WL 1913237, at *13 (Del. Ch. May 1, 2018) ("Under Delaware law, unless a contract imposes a 'proper purpose' requirement on an inspection right, a court should not read in such a requirement.").

We hold that the district court did not abuse its discretion in compelling Turnberry to produce its documents to Centra and therefore decline to intervene by extraordinary writ. Accordingly, we

ORDER the petition DENIED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

---

[6]Because Centra did not need a proper purpose, we decline to address the parties' arguments on whether Centra's alleged purpose for a future proceeding involving an allegation of breach of fiduciary duty is time-barred. We also note that petitioners are correct that improper purpose may be a defense to inspection, but they have failed to demonstrate any improper purpose. *See, e.g., Obeid v. Gemini Real Estate Advisors, LLC*, No. 2017–0510–JTL, 2018 WL 2714784, at *4 (Del. Ch. June 5, 2018).

cc:    Hon. Mark R. Denton, District Judge
McNutt Law Firm
Berger Singerman, LLP/Miami
Sklar Williams LLP
Eighth District Court Clerk